# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

DALE BARTA,

               Plaintiff,

vs.

TAMI YEOMANS, et al.,

               Defendants.

8:16-CV-242

NOTICE

The Court is in receipt of the plaintiff's "Response to Judgement [sic]" (filing 38). Because the plaintiff's "response" is not recognized by the Federal Rules of Civil Procedure, it will not be acted upon by the Court.

The plaintiff's filing is not, for instance, a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e): it does not assert manifest errors of law or fact or present newly discovered evidence, *see United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 934 (8th Cir. 2006), nor was it filed within 28 days of the judgment. Nor does it assert grounds for relief cognizable under Fed. R. Civ. P. 60(b). *See Freeman v. Wyeth*, 764 F.3d 806, 809 (8th Cir. 2014). And it neither purports to be a notice of appeal, nor was it filed within 30 days of the judgment. *See* Fed. R. App. P. 4(a)(1)(A).[1]

In sum, this case is closed, and the plaintiff's "response" does not require action by the Court.

Dated this 8th day of March, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[1] For the sake of completeness, the Court notes that the substance of the plaintiff's "response" is also meritless. His claim that the defendants could not respond to his "affidavit of fact" through counsel is wrong because "[u]nless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit." Fed. R. Civ. P. 11(a). And the plaintiff's citation to 15 U.S.C. § 15(b), which provides jurisdiction in antitrust cases, does not avail him because this is not an antitrust case.